IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE, | CV 19–163–M–DLC |
| Petitioner, | |
| vs. | ORDER |
| LYNN GUYER, et al., | |
| Respondents. | |

Before the Court is the Findings and Recommendation of United States Magistrate Judge Kathleen L. DeSoto. (Doc. 17.) Judge DeSoto recommends the Court dismiss with prejudice Petitioner Joseph E. Lawrence's Amended 28 U.S.C. § 2254 Petition, in which Lawrence asks the Court to vacate his State convictions for sexual assault and solicitation of sexual assault, order his immediate release from custody, and fully exonerate him. (Doc. 7 at 7.) Judge DeSoto further recommends that the Court deny a certificate of appealability ("COA"). (Doc. 17 at 18–19.) Lawrence timely objects. (Doc. 18.)

## STANDARD OF REVIEW

Lawrence is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review

- 1 -

is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

The Court will not iterate the relevant factual and procedural background here, which, as Judge DeSoto points out, has been summarized repeatedly in this case and others before this Court; moreover, Lawrence lodges no objection to the most recent recitation contained in the Findings and Recommendation. (*See* Doc. 17 at 2–5.) In brief, Lawrence pleaded "guilty by *Alford*[1]" to one count of sexual assault and one count of solicitation for sexual assault in early 2017. *Lawrence v. Guyer*, 440 P.3d 1, 2 (Mont. 2019). The State trial court sentenced him on June 28, 2017 to a twenty-year sentence with ten years suspended. *Id.* No direct appeal followed. (*See* Docs. 7 at 3; 10 at 3.)[2] Instead, Lawrence filed a petition for State habeas relief in the Montana Supreme Court on July 23, 2018, which the Court denied on March 26, 2019. *Lawrence*, 440 P.3d at 4.

Lawrence now seeks federal habeas relief on sixteen grounds. The Court groups them as Judge DeSoto does in the Findings and Recommendation. First,

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[2] The 2017 judgment pursuant to which Lawrence is currently in custody followed the Montana Supreme Court reversing and remanding the original judgment issued in his case. *Lawrence*, 440 P.3d at 2.

Lawrence contends that his *Alford* plea was invalid because, pursuant to Montana Code Annotated § 46-12-204(4), "a plea of nolo contendere cannot be used for a sexual offense." (Doc. 7 at 3.) Second, in claims 2–13, Lawrence identifies various constitutional violations and other legal errors that occurred during his original prosecution and appeal—ranging from *Brady* violations to judicial bias—that allegedly render his current incarceration illegal. (Doc. 7 at 4–11.) And third, in claims 14–16, Lawrence says that State trial court judges and the Montana Board of Pardons and Parole illegally placed conditions on his parole eligibility and unlawfully denied him parole following a 2018 hearing. (Doc. 9 at 1–2.) The Court will address each category of claims in turn before it concludes by considering Judge DeSoto's recommendation to deny a COA.

## I. Claim 1: *Alford* plea invalid for offenses of conviction

Because resolution of Lawrence's first claim turns on whether the Montana Supreme Court correctly interpreted State law, Judge DeSoto recommends dismissing it as not cognizable in federal habeas. (Doc. 17 at 6–8.) Lawrence does not object to the magistrate's analysis or conclusion on this issue, and the Court finds no clear error.

In his State habeas petition to the Montana Supreme Court, Lawrence advanced the precise argument he presents here. That is, whether an *Alford* plea is synonymous to a "nolo contendere plea" which, under Montana Code Annotated

46-12-204(4), a trial court may not accept in a case involving a sexual offense. *Lawrence*, 440 P.3d at 2. Examining the applicable statute's legislative history, the Court answered the question in the negative. *Id.* at 4.

The Court agrees with Judge DeSoto's determination that it is bound by the Montana Supreme Court's construction of a Montana statute. *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993). Even if this Court disagreed with the high Court's analysis, "federal habeas corpus relief does not lie for errors of state law[.]" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Accordingly, the Court finds no error in Judge DeSoto's determination that Lawrence's first claim should be dismissed as not cognizable under § 2254.

## II. Claims 2–13: Constitutional violations and legal infirmities in underlying State proceedings

Lawrence does not object to Judge DeSoto's determination that his next twelve claims for relief are procedurally defaulted. (*See* Docs. 10, 11.) These claims focus on a variety of alleged violations—constitutional and otherwise—that occurred during the underlying State proceedings. (*See* Docs. 7 at 4–11.) Reviewing for clear error, the Court finds none. "[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted[.]" *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Such is the case here. The Montana Supreme Court never considered the claims Lawrence now advances, *Lawrence*, 440 P.3d at 4, and

the State's procedural rules would bar their consideration now, *see* Mont. R. App. P. 5(b)(i) and Mont. Code Ann. § 46-21-102.

Still, if the petitioner can show cause and prejudice, his procedural default will be excused. *Cooper*, 641 F.3d at 327. That is "[i]f the petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust the claim; and (2) prejudice from the purposed constitutional violation[.]"[3] *Id.* (citation and internal quotation marks omitted). As the Ninth Circuit explains, "cause to excuse procedural default exists if the petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (citation and internal quotation marks omitted). If the petitioner fails to establish cause, the Court need not reach the question of prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

Here, rather than providing argument to contradict Judge DeSoto's finding no cause to excuse his procedurally defaulted claims, Lawrence uses his Objection as a vehicle to expand upon sweeping charges of conspiracy and corruption among

---

[3] A petitioner may also avoid the consequences of procedural default if he "demonstrates that not hearing the claim would result in a fundamental miscarriage of justice." *Cooper*, 641 F.3d at 327. Here, however, Lawrence argues only that "cause and prejudice" excuse his otherwise defaulted claims. (Doc. 11 at 6–12.)

members of the State and federal judiciary who originate from Butte. (Doc. 18 at 11.) The Court understands that Lawrence's suspicions about local judges might cause him to feel skeptical about the outcome of his various legal efforts, but they fail to explain why he could not comply with the State's procedural rules from the outset. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Indeed, as Judge DeSoto notes, it was Lawrence himself who negotiated away his appeal rights on the eve of trial in exchange for the State dismissing 243 counts of sexual abuse. *Lawrence*, 440 P.3d at 2. Because Lawrence fails to demonstrate cause for his default, the Court need not consider whether he can establish prejudice. *Engle*, 456 U.S. at 134 n.43.

Accordingly, the Court agrees with Judge DeSoto that claims 2–13 should be dismissed as procedurally defaulted without excuse.

### III. Claims 14–16: Illegal parole conditions and parole denial

By way of "Addendum and Amendment," Lawrence adds three additional grounds for federal habeas relief related to the conditions placed upon and denial of his parole. (Doc. 9.) For the same general reasons outlined in Section II, *supra*, Judge DeSoto recommends dismissing these claims as procedurally defaulted without excuse. (Doc. 17 at 14–16.) More specifically, Judge DeSoto points out that Lawrence appears to have never presented these claims to the Montana Supreme Court, rendering them unexhausted, but because she could identify no

- 6 -

avenues through which he could now present them, they are deemed technically exhausted and subject to procedural default. (Doc. 14 at 1–2.)

Again, Lawrence does not dispute Judge DeSoto's determination that claims 14–16 are procedurally defaulted, and he provides no basis to establish cause to excuse the default. Instead, again, he simply rehashes and expands upon a theory centered on "the long train of corrupt acts committed by the State Courts of Montana." (Doc. 18 at 5.) The record is devoid of any indication why these "corrupt acts" prevented Lawrence from complying with the State's procedural rules to challenge parole eligibility conditions and parole determinations.

Thus, the Court will adopt Judge DeSoto's findings and recommendation on this third category of claims and dismiss them as procedurally defaulted without excuse.

## IV. Certificate of Appealability

Judge DeSoto recommends denying Lawrence a COA. (Doc. 17 at 18–19.) Lawrence objects to her recommendation, stating that a COA should issue "to further address these claims of illegal and/or criminal impropriety being perpetrated by the court officials named within Lawrence's [Petition]." (Doc. 18 at 7.)

The Court finds that a COA should be denied. The only claim Lawrence advances that is not subject to procedural default is not cognizable in habeas, and

jurists of reason would not find it debatable that the Court is incorrect in its procedural ruling on the remaining claims. *Gonzalez v. Thaler*, 656 U.S. 134, 140–41 (2012) (citation omitted).

## ORDER

For the foregoing reasons, the Court agrees with Judge DeSoto that Lawrence's claims should be dismissed with prejudice.

Accordingly, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings and Recommendation (Doc. 17) IN FULL.

IT IS FURTHER ORDERED that a COA is DENIED.

Finally, IT IS ORDERED that the Clerk of Court shall enter by separate document judgment in favor of Respondents and against Petitioner.

DATED this 24th day of June, 2021.

_____
Dana L. Christensen, District Judge
United States District Court